**FILED**
**Jul 01, 2019**
**08:13 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **MARSHA WRIGHT,** | ) | **Docket No. 2018-08-0461** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TENNESSEE CVS PHARMACY,** | ) | **State File No. 94867-2015** |
| **LLC,** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Deana C. Seymour** |
| **Insurance Carrier.** | ) | |
| | ) | |

---

## COMPENSATION HEARING ORDER

---

The Court convened a compensation hearing on June 5, 2019, where the primary issue was the extent of Ms. Wright's permanent disability benefits. For the reasons below, the Court holds Ms. Wright is entitled to additional disability benefits under section 50-6-242, totaling 275 weeks of benefits.

### History of Claim[1]

Marsha Wright worked as a supervisor for CVS when robbers entered her store, ordered her to her knees, and held her at gunpoint. Following the robbery, an ambulance transported her to the emergency room for treatment of anxiety and elevated blood pressure.

A few days later, Ms. Wright went to a medical clinic with ongoing anxiety and pain in both knees. She received treatment for her knees at Campbell Clinic. Her knee pain resolved without permanent impairment, but her anxiety continued.

---

1 *See* Appendix at pages 7 - 8 of this Order for party stipulations.

1

CVS provided a panel from which Ms. Wright chose Dr. Ahmad Al-Hamda for psychological care. Dr. Al-Hamda diagnosed Ms. Wright with post-traumatic stress disorder (PTSD), noted her flashbacks, and traumatic nightmares, and referred her for psychiatric treatment.

Several months later, CVS provided Ms. Wright a panel from which she chose Dr. Melvin Goldin for psychiatric treatment. Dr. Goldin agreed with Dr. Al-Hamda's diagnosis of PTSD. He prescribed medication and referred Ms. Wright for psychotherapy.

Dr. Goldin placed Ms. Wright at maximum medical improvement (MMI) on November 18, 2018. He determined she retained permanent impairment of fifteen percent to the body as a whole and certified she could no longer perform her pre-injury occupation. Dr. Goldin prescribed ongoing medication and psychotherapy. He noted that Ms. Wright might be able to return to another work-setting depending on several variables such as "how and where the place is and how she has to get there."

The parties disagreed on the extent of Ms. Wright's benefits. Ms. Wright claimed entitlement to increased benefits under Tennessee Code Annotated section 50-6-207(3)(B) and additional disability benefits under Tennessee Code Annotated section 50-6-242(a)(2). CVS denied Ms. Wright's entitlement to these remedies, contending she had the ability to work but would not.

Ms. Wright testified that she worked over twenty years in a public capacity and had no gaps in her work history until the robbery. She has not worked since the robbery and doubts she can return to work because of her lingering mental issues.

According to Ms. Wright, she never experienced mental problems before the robbery. Since then, however, she cannot interact with the public, suffers extreme anxiety, and seldom leaves her home. She stated she suffers three to four panic attacks a week and experiences migraines from her anxiety. She further indicated problems with driving and, while she occasionally drove to the pharmacy or hair salon, her husband and father-in-law now typically drive for her. Ms. Wright still attends church but must "sit where she can see the door" because she is "always looking over her shoulder." She also cannot travel to visit her family in California and Belize because planes and airports increase her anxiety. For these conditions, Ms. Wright treats with Dr. Goldin monthly, takes psychotropic medications, and undergoes biweekly psychotherapy.

Ron Wright testified that he has been married to Ms. Wright for twenty-one years. He received a call at work the night of the robbery and drove to CVS. Mr. Wright sat with his wife until an ambulance took her to the hospital.

2

Following that night, Mr. Wright changed his work shift from night to day shift since Ms. Wright could not stay alone at night. He goes home on his lunch break to check on her and make her meal because she cannot cook for herself safely. Mr. Wright explained that he must call before he enters the house to avoid startling her. He further testified that Ms. Wright takes medication and sleeps much of the day. She spends substantial time alone in her bedroom and they no longer go out to movies or travel.

**Findings of Fact and Conclusions of Law**

At a Compensation Hearing, Ms. Wright must establish all elements of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2018). Here, the Court must determine the extent of Ms. Wright's permanent disability benefits. Tennessee Code Annotated sections 50-6-207 and 50-6-242 direct the Court's analysis.

Initially, Ms. Wright is entitled to an original award of sixty-seven and one-half weeks of PPD, totaling $26,368.88, based on Dr. Goldin's fifteen percent rating. *See* Tenn. Code Ann. § 50-6-207(3)(A). Further, since Ms. Wright did not return to work within sixty-seven and one-half weeks of her MMI date, she is entitled to increased benefits.

Tennessee Code Annotated section 50-6-207(3)(B) provides that the employee may claim increased benefits if she has not returned to work for any employer or has returned to work receiving less wages or salary than she received before her work injury. The award provided by this section is known as the "resulting award," which is calculated by applying certain multipliers to the original award.

Ms. Wright qualifies for two of the multipliers: The parties stipulated that Ms. Wright did not successfully return to work (1.35) and is over forty years old (1.2). Therefore, Ms. Wright established by a preponderance of the evidence her entitlement to $42,717.58, including the original award.

However, Ms. Wright also claimed entitlement to additional permanent disability benefits under Tennessee Code Annotated section 50-6-242(a), which allows the Court to award additional disability benefits (a maximum 275 weeks, including the original award), if the Court determines by clear and convincing evidence that the permanent disability award under section 50-6-207(3)(B) would be "inequitable in light of the totality of the circumstances" and that the following facts are true:

1. The employee's impairment rating is 10% or higher;
2. The authorized treating physician has certified on a Bureau form that the employee no longer has the ability to perform his pre-injury occupation due to permanent restrictions caused by the work injury; and

3

3.      The employee is earning less than 70% of his pre-injury average weekly wage or salary.

First, the Court finds that that this is an extraordinary case. Limiting Ms. Wright's award to the benefits under section 50-6-207(3)(B) would be "inequitable in light of the totality of the circumstances."

The Court finds that based on clear and convincing evidence, until this robbery, Ms. Wright worked with the public for over twenty years. She has not worked since that night and now suffers from PTSD. She fears the public and unfamiliar surroundings and seldom leaves her home. She relies on her husband to prepare meals, check on her throughout the day, and care for their house. Ms. Wright depends on others to drive her to church and sits where she can monitor the public she fears. Three and one-half years after the robbery, Ms. Wright continues psychiatric and psychological treatment, including multiple medications. Dr. Goldin certified she could no longer perform her pre-injury occupation and questions whether she will ever work again.

Having deemed the case extraordinary, the Court turns to the additional factors of 50-6-242(a)(2). In this case, the Court finds Ms. Wright established by a preponderance of the evidence that Dr. Goldin assigned an impairment of greater than 10% and certified that she could no longer perform her pre-injury occupation. She proved that she had not worked since the robbery, so she was not earning 70% of her pre-injury wage.

Thus, the Court awards Ms. Wright 275 weeks of benefits amounting to $107,428.75. With the stipulated credit of $3,348.35, CVS owes Ms. Wright $104,080.40 in permanent disability benefits.

*Attorney Fees*

Ms. Wright's attorney requested approval of reasonable attorney's fees of twenty percent of the total award under Tennessee Code Annotated section 50-6-226(a)(1). Before the Court can award an attorney fee in excess of $10,000.00, Tennessee Code Annotated section 50-6-226(a)(2)(C) requires specific findings of the factors in Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5, which include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;

4

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

The Court reviewed the Application for Approval of Attorney's Fee filed by Ms. Wright's attorney and finds this case required significant time and expertise on the part of Ms. Wright's counsel. A fee of twenty percent is both statutorily authorized and customary in these cases. Further, the amount is appropriate for successfully shepherding a complicated case through three and one-half years of litigation, including two mediations, written discovery, and detailed medical proof. The applicable factors, including the experience and ability of Ms. Wright's attorney and the written fee agreement militate in favor of the requested fee. Therefore, the Court commutes twenty percent of the permanent disability benefits, or $21,485.75, for Ms. Wright's attorney's fee.

**IT IS, THEREFORE, ORDERED** as follows:

1. CVS and/or its carrier shall pay Ms. Wright a lump sum of $9,543.10, representing thirty-three weeks of benefits ($12,891.45) minus CVS's credit ($3,348.35), for accrued permanent disability benefits.

2. CVS and/or its carrier shall pay Ms. Wright a lump sum of $21,485.75, which her attorney is entitled to recover as a fee of twenty percent (55 weeks) of her 275 weeks of permanent disability benefits.

3. CVS and/or its carrier shall pay Ms. Wright ongoing permanent disability benefits on a biweekly basis until it pays the remaining 187 weeks of benefits ($73,051.55/187 weeks = $390.65 weekly compensation rate).

4. Ms. Wright is entitled to future medical benefits under Tennessee Code Annotated section 50-6-204(a)(1)(A).

5. This Court taxes the filing fee of $150.00 to CVS and/or its carrier under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 (2018).

6. CVS and/or its carrier shall prepare and submit a Statistical Data Form within ten business days of the date of this judgment.

7. Absent an appeal, this order shall become final thirty calendar days after entry.

**ENTERED July 1, 2019.**

_____
**DEANA C. SEYMOUR, JUDGE**
**Court of Workers' Compensation Claims**

# APPENDIX

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Scheduling Hearing
4. Scheduling Order
5. Motion to Compel
6. Employee's Response to Employer's Motion to Compel
7. Order on Motion to Compel
8. Employee's Pre-Hearing Brief
9. Employee's Pre-Compensation Hearing Statement
10. Employee's Exhibit List
11. Employee's Witness List
12. Employee's Counsel Application for Approval of Attorney Fee
13. Employer's Witness and Exhibit List
14. Employer's Pre-Hearing Brief

Stipulated Findings of Facts of the Parties:

1. Employee sustained an injury by accident arising out of the course and scope of the employment with the Employer.
2. Employee's date of injury is November 18, 2015.
3. Employee gave notice of the alleged injury to Employer on November 18, 2015.
4. Employee is 48 years of age and is a resident of DeSoto County, Mississippi.
5. Employee has obtained a high school diploma or GED.
6. Employee received authorized medical treatment for the injury. Medical expenses were paid by the Employer or its workers' compensation insurance carrier/administrator in the amount of $40,144.77.
7. Employee reached the maximum level of medical improvement that the nature of the injury permits on November 18, 2017.
8. Employee received temporary disability benefits. Temporary total disability benefits were paid from November 19, 2015, to November 18, 2017, in the amount of $40,627.60.
9. Employee has not returned to work for the Employer, earning the same or greater wages as the Employee was earning prior to the injury.
10. Employee's average weekly wage is $585.94, which entitles Employee to a weekly compensation rate of $390.65.
11. Employee's medical impairment is fifteen percent to the body as a whole per the *AMA Guides 6th Edition*.
12. Based upon the November 18, 2017 MMI date , Employee's initial award period

7

expired on March 6, 2019, pursuant to Tenn. Code Ann. § 50-6-207(1)(E).

13. Employer was unable to accommodate Employee's medical restrictions and did not offer Employee a return position.

14. Authorized treating physicians are: 1) Dr. Goldin (psychiatrist), 2) Kathy Miller, MS, LPC, MHSP (therapist), and 3) Dr. Cleveland (knees).

15. Employee was paid $3,348.35 as a PPD advance for which Employer is due a credit from the PPD benefits awarded.

Exhibits:

1. Form C-20 Employer's First Report of Work Injury or Illness
2. Form C-41 Wage Statement
3. Form C-42 Agreement Between Employer/Employee Choice of Physicians (Dr. Melvin Goldin)
4. Physician Certification Form Pursuant to TCA § 50-6-242(a)(2)(B)
5. Deposition transcript of Dr. Melvin Goldin, including exhibits
6. Medical Records filed May 22, 2019
7. Separation Notice dated April 12, 2017

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to these recipients as indicated on July 1st, 2019.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Monica Rejaei, Employee's Attorney | | | X | mrejaei@nstlaw.com |
| Tiffany Sherrill, Employer's Attorney | | | X | tbsherrill@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant]    _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)      RDA 11082